Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN RE:                                       )   CASE NO.      10-31706 (LMW)
                                             )
AMRIK SINGH AND GERALYN SINGH,               )   CHAPTER       7
                                             )
        DEBTORS.                             )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
AMRIK SINGH AND GERALYN SINGH,               )   ECF NOS.      33, 38
                                             )
        MOVANTS                              )
    vs.                                      )
                                             )
MANCHESTER TOBACCO & CANDY                   )
COMPANY,                                     )
                                             )
        RESPONDENT.                          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

John H. Barton, Esq.                             Attorney for the Debtors/Movants
Lenz Law Firm, LLC
236 Boston Post Road, 2nd Floor
P. O. Box 965
Orange, CT 06477-0965


John S. Rosania, Esq.                            Attorney for the Respondent
David G. Hill & Associates, LLC
180 Glastonbury Boulevard, Suite 202
Glastonbury, CT 06033

**BRIEF MEMORANDUM OF DECISION AND ORDER
DENYING DEBTORS' MOTION TO AVOID JUDICIAL LIEN
PURSUANT TO 11 U.S.C. § 522(f) AND SUSTAINING OBJECTION THERETO**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** the matters before the court are (a) the above-referenced debtors' (the "Debtors")[1] Debtor's [sic] Motion To Avoid Judicial Lien Pursuant to 11 U.S.C. § 522(f) (ECF No. 33, the "Motion")[2] and (b) the above-referenced respondent's (the "Respondent") objection (ECF No. 38, the "Objection") thereto.  This court has jurisdiction over this contested matter (and the authority to enter final orders therein) pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of the District Court for this District (Daly, C.J.).[3]  This memorandum constitutes the findings of fact and conclusions of law mandated by Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure);

**I.    BACKGROUND**

**WHEREAS,** this chapter 7 case was commenced by the Debtors' filing of a joint petition on June 7, 2010.  (*See* ECF No. 1.)  On July 21, 2010, the Debtors filed their schedules (ECF No. 15, the "Schedules");

**WHEREAS,** in Schedule A (Real Property) of the Schedules, the Debtors list their joint ownership of their "[p]rimary residence located at 11 Sorenson Road, West Haven, CT" (the "Property") with a stated value of $200,000;

**WHEREAS,** on Schedule C (Property Claimed as Exempt) of the Schedules, the Debtors claimed (among other things) a homestead exemption with respect to the Property pursuant to

---

[1]    The Debtors are Amrik Singh (the "Husband") and Geralyn Singh (the "Wife").

[2]    References herein to the docket of this chapter 7 case appear in the following form: "ECF No. __."

[3]    That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C. , or arising in . . . a case under Title 11, U.S.C. . . . ."

Section 52-352b(t) of the Connecticut General Statutes with a stated value of $45,240.70. (*See* ECF No. 15 at 7.)[4] On Schedule D (Creditors Holding Secured Claims) of the Schedules, the Debtors list the following encumbrances in respect of the Property: (a) a "First Mortgage" held by "BAC Home Loans Servicing, LP"[5] in the stated amount of $154,759.30 and (b) a "Judgment Lien" held by the Respondent in the stated amount of $24,252.72. (*See id.* at 8.) Schedule D does not indicate whether or not that judgment lien is a joint obligation of the Debtors;

**WHEREAS,** the Debtors filed the Motion on November 9, 2010. (*See* ECF No. 33.) The Motion seeks to avoid the fixing of the Respondent's judgment lien on the Debtors' interest in the Property. The Respondent filed the Objection on January 11, 2011. (*See* ECF No. 38.);

**WHEREAS,** the Motion and the Objection came on for a hearing (the "Hearing") on February 28, 2012.[6] The Debtors did not personally appear at the Hearing (although they did appear through counsel). The Debtors introduced documentary evidence into the record but produced no witnesses. Michael Schoenfeld, a vice president of the Respondent, testified for the Respondent at the Hearing. The Respondent also introduced documentary evidence into the record at the Hearing;

**WHEREAS,** at the conclusion of the Hearing, the court brought to counsels' attention that they had failed to bring relevant and binding authority to the court's attention (*i.e., Farrey v. Sanderfoot,* 500 U.S. 291 (1991)). The court directed the parties to address *Farrey v. Sanderfoot* in their post trial briefs (among any other relevant issues), and the matter was taken under advisement

---

[4] The full amount of the Connecticut homestead exemption theoretically available to the Debtors here is $150,000. *See* Conn. Gen. Stat. 52-352b(t).

[5] That mortgage now appears to be held by GreenPoint Mortgage Funding, Inc. (*See* Stipulation (as defined below).)

[6] References to the oral record of the Hearing appear in the following form: "Oral Record at __:__:__."

subject to further briefing (and, perhaps, further proceedings (see below)). (*See* Oral Record at 11:19:41 *et seq.*; *but see* note 9, below);

**WHEREAS,** at this stage of the proceedings, the only contest is with respect to the application of *Farrey v. Sanderfoot* to this matter;[7]

## II.   FACTS

**WHEREAS,** at the Hearing the parties stipulated as follows:

- The total amount of the judgment debt obtained by the Respondent against the Husband is $28,088.95, which consists of $25,740.95 in contract damages including contractually authorized default interest, and $2,348.00 in contractually authorized attorney's fees.

- The appraised value of the Property on the date that the Debtors filed this chapter 7 case was $200,000.00.

- The Debtors have occupied the Property as their principal place of residence from May 6, 2003 to the present.

- The Property is encumbered by a mortgage in the principal amount of $169,400.00 from the Debtors to GreenPoint Mortgage Funding, Inc. dated April 14, 2004 and recorded in Volume 1331 at Page 165 of the West Haven, Connecticut land records with a balance due and owing as of the date that the Debtors filed this chapter 7 bankruptcy case of $154,759.30.

(*See* Oral Record at 10:40:34 *et seq.,* the "Stipulation");

**WHEREAS,** based on the record made at the Hearing and on the entire record of this chapter 7 case, the court further finds as set forth below. Some time in the early 1990's, the Respondent and the Husband entered into a business relationship whereby the Respondent would supply cigarettes and/or tobacco and/or candy on credit to that certain convenience store, Krauszer's

---

[7] Initially, the Respondent argued that the Debtors could not avoid its judgment lien pursuant to 11 U.S.C. § 522(f) because (it is alleged) the relevant debt is nondischargeable under 11 U.S.C. § 523(a)(2). The Respondent has withdrawn that argument in light of *In re Ash,* 166 B.R. 202 (Bankr. D. Conn. 1994) (Krechevsky, J.). *Accord H.J. Bushka Lumber and Millwork v. Boucher (In re Boucher),* 336 B.R. 27, 36 n.13 (Bankr. D. Conn. 2005). (*See* ECF No. 42 at 3.)

Stratford. The Debtors originally acquired their respective interests in the Property as joint tenants with rights of survivorship on or about May 6, 2003. The business relationship between the Husband and the Respondent went fairly smoothly until things (*i.e.,* the account Debtor's/Debtors' payment history) began to deteriorate in 2008. On or about December 15, 2008, the Husband quitclaimed his interest in the Property for no consideration to the Wife. The Husband's debt to the Respondent at that time was about $18,000 to $20,000. The Respondent was unaware of the change in title with respect to the Property until around the time it obtained its attachment (described below). The Respondent tried to "work with" the Husband but, in early 2009, the Husband advised Mr. Schoenfeld that the subject debt was not going to be paid and that the Respondent should resort to its legal remedies. Some time in 2009, the Respondent commenced a civil action against the Husband ("a/k/a 'Vic' Singh") and "Alyssa, LLC d/b/a Krauszer's Stratford" to collect the subject debt. (*See* Debtors' Exh. 4.) On or about July 27, 2009, the Respondent obtained a judgment (by default) (the "Judgment") against such defendants as set forth in the Stipulation. (*See also* Debtor's Exh. 4.);

**WHEREAS,** on August 10, 2009, the Respondent caused a judgment lien to be recorded on the Property with respect to "the real estate of . . . [the Husband]," (*id.* (the "Judgment Lien")). The Judgment Lien further recited that it "relate[d] back to a Certificate of Attachment recorded in the West Haven Land Records on April 20, 2009 . . . [with respect to the Property]," (*id.*). Subsequently, the Respondent commenced legal proceedings in Connecticut Superior Court to foreclose the Judgment Lien. On or about May 13, 2010, the Wife quitclaimed title to the Property for nominal consideration to herself and the Husband as joint tenants with rights of survivorship (the "2010

Transfer"). (*See* Debtor's Exh. 5.)[8] The Debtors commenced this chapter 7 case just prior to the scheduled hearing on default judgment in the lien foreclosure proceedings;

### III. APPLICABLE LAW

**WHEREAS,** Section 522(f) provides in relevant part as follows:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>   (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . . .
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>   (i)  the lien;
>   (ii) all other liens on the property; and
>   (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens . . . .

11 U.S.C.A. § 522(f) (West 2013);

**WHEREAS,** "[s]ection 522(f) allows a debtor to 'avoid the fixing of a lien on an interest of the debtor in property.' In *Farrey* [*v. Sanderfoot, supra*], the Supreme Court construed this phrase to mean that the debtor must have 'possessed the interest to which the lien fixed, before it fixed.'" *Patriot Portfolio, LLC v. Weinstein (In re Weinstein),* 164 F.3d 677, 684 (1st Cir.), *cert. denied*, 527 U.S. 1036 (1999). *Accord Banner v. Cadle Co. (In re Banner),* 394 B.R. 292, 300 (Bankr. D. Conn. 2008). "Underlying the Supreme Court's decision [in *Farrey*] is the assumption that § 522(f) only entitles a debtor to avoid the fixing of a lien on the *same* interest to which it fixed." *In re Banner, supra,* 394 B.R. at 307 (internal quotations omitted). Issues of whether or when a lien "fixes" on a

---

[8] The Debtors' respective interests in the Property are referred to below as the "Husband's Interest" and the "Wife's Interest" (as the case may be).

property interest are decided in accordance with applicable non-bankruptcy (here Connecticut) law. *See Farrey v. Sanderfoot,* 500 U.S. at 299. For Section 522(f) to apply, the debtor also must possess the relevant interest in the property as of the commencement of the bankruptcy case. *See Weinstein,* 164 F.3d at 680. There may be some room for equitable considerations in determining whether the subject property interest is the "same" interest as that to which the judgment lien fixed. *See, e.g., In re Banner, supra* at 307; *Bianchini v. Ryan (In re Bianchini),* 346 B.R. 593, 596-97 (Bankr. D. Conn. 2006). The debtor bears the burden of proof by a preponderance of the evidence on every element of Section 522(f). *See, e.g., In re Fox,* 353 B.R. 388, 393 (Bankr. D. Conn. 2006);

## IV.    ANALYSIS

### A.    <u>The Husband's Interest</u>

**WHEREAS,** the Debtors argue as follows:

> Because Mr. Singh did not have an ownership interest in the property when the judgment lien against him was recorded on the West Haven Land Records, the judgment lien did not – indeed could not – fix to the property on either April 10, 2009 or August 20, 2009.
>
> The earliest that the lien could have fixed against Mr. Singh's interest in the property was the date that Mrs. Singh quitclaimed the property back to both him and her on May 13, 2010. *The judgment lien, therefore, fixed to Mr. Singh's ownership interest pursuant to that quitclaim deed* and that interest is the same interest that Mr. Singh held at the time of the filing of this bankruptcy case. Because the judgment lien affixed to the same interest that Mr. Singh owned at the time of the bankruptcy filing, the Debtors' [sic] are entitled to avoid the judgment lien pursuant to 11 U.S.C. §523(f) [even under *Farrey v. Sanderfoot*].

(ECF No. 45 at 2-3 (Debtor's Reply Brief (emphasis added)).) Accordingly, the Debtors argue that the Judgment Lien affixed to the Husband's Interest in the Property at the same time as he acquired that interest pursuant to the 2010 Transfer. That argument is dispositive here in favor of the Respondent as explained below;

**WHEREAS,** *Farrey v. Sanderfoot* requires that the debtor hold the relevant property interest *before* the judgment lien fixes. *See Farrey v. Sanderfoot,* 500 U.S., *supra* at 299 (The debtor must have "possessed the interest to which the lien fixed *before* it fixed." (emphasis added)). If the subject lien fixes simultaneously with vesting of the interest, the requirements of *Farrey v. Sanderfoot* are not met. *See id.; id.* at 300 ("Sanderfoot thus would still be unable to avoid the lien in this case since . . . Sanderfoot would never have possessed [his interests in the property] without the lien already being fixed."). *See also In re Cavaciuti,* No. 08-33681, 2009 WL 3617516, at *8 (Bankr. D. Conn. Oct. 27, 2009) (discussion of unavailability of Section 522(f) avoidance with respect to "Wilcox Interest");

**WHEREAS,** because the Debtors admit that the Judgment Lien fixed to the Husband's Interest at the same time that he acquired that interest, the court concludes that the Motion must be denied with respect to the Husband's Interest;[9]

**B.** **Wife's Interest**

**WHEREAS,** the parties do not discuss the impact of the Motion on the Wife's Interest. However, it is not alleged that the Wife was an obligee on the Judgment and the language of the Judgment Lien makes it clear that the Judgment Lien did not encumber the Wife's Interest. Accordingly, with respect to the Wife's Interest, the Motion must be denied as unnecessary;

---

[9] That aspect of *Farrey v. Sanderfoot* is not subject to equitable considerations. *Compare Cavaciuti, supra* at *8 ("Wilcox Interest" discussion) *with id.* ("Debtor's Interest" discussion). Accordingly, no further proceedings will be necessary or appropriate with respect to the Motion or the Objection.

## V. CONCLUSION

**WHEREAS,** for the reasons stated above, the court concludes that (a) the Motion must be denied as to both the Husband's Interest and the Wife's Interest and (b) the Objection must be sustained to the same extent.

It is **SO ORDERED.**

Dated: February 14, 2013                             BY THE COURT

                                                    Lorraine Murphy Weil
                                                    Chief United States Bankruptcy Judge